Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 3273 | **DATE** | 7/28/2010 |
| **CASE TITLE** | Christopher Lee vs. Tyler Price, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for extension of time to file a notice of appeal [61] is granted. Plaintiff may file a notice of appeal within 14 days of the date this order is entered. See FRAP 4(a)(5)(C). See also FRAP 26(a)(2).

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff has made a pro se motion for an extension of time to file his notice of appeal.

This court entered judgment in favor of defendants and against plaintiff on 4/7/2010 [46]. Plaintiff, on 5/7/2010 filed a pro se notice of his "motion to reconsider case 09 C 3273 for rehearing" [55] (entered in the docket on 5/11/2010), which was stricken by the court on 5/11/2010 [56] because plaintiff was represented by counsel. On 5/24/2010 [58] the court granted plaintiffs' counsel's motion [53] to withdraw, which had been filed on 5/10/2010. On 6/7/2010 plaintiff filed pro se a notice of motions for rehearing [60], a supporting memorandum [59]), and a notice of motion for extension of time to appeal [61]. The court construed the memorandum in support of the motion to reconsider [59] to be a motion to reconsider and denied it [62]. The court construed the notice of motion for an extension of time to appeal [61] to be a motion for extension of time to appeal and set a briefing schedule [62].

As defendants correctly note, plaintiff's notice of appeal was due 5/7/2010. Defendants argue that since plaintiff's request for an extension of time was filed after that date, it can only be granted on a showing of excusable neglect. This is not correct. See FRAP 4(a)(5)(A)(ii) (Court may extend the time to file a notice of appeal if "regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause."):

Regardless of whether the motion is filed before or during the 30 days after the original deadline

| | Courtroom Deputy | slb |
|---|---|---|

expires, the district court may grant an extension if a party shows either excusable neglect or good cause.

> Despite the text of Rule 4(a)(5)(A), most of the courts of appeals have held that the good cause standard applies only to motions brought prior to the expiration of the original deadline and that the excusable neglect standard applies only to motions brought during the 30 days following expiration of the original deadline. . . . These courts have relied heavily upon the Advisory Committee Note to the 1979 amendment to Rule 4(a)(5). But the Advisory Committee Note refers to a draft of the 1979 amendment that was ultimately rejected. The rejected draft directed that the good cause standard apply only to motions filed prior to the expiration of the original deadline. . . .
>
> Rule 4(5)(a)(ii) has been amended to correct this misunderstanding . . . . A motion for an extension filed prior to the expiration of the original deadline may be granted if the movant shows either excusable neglect or good cause. Likewise, a motion for an extension filed during the 30 days following the expiration of the original deadline may be granted if the movant shows either excusable neglect or good cause.

FRAP 4, Advisory Committee Notes, 2002 Amendments. This does not mean that the excusable neglect standard is subsumed in a more lenient standard of good cause. The difference between good cause and excusable neglect is a difference of kind, and not merely of degree.

> The good cause and excusable neglect standards have "different domains." . . . They are not interchangeable, and one is not inclusive of the other. The excusable neglect standard applies in situations in which there is fault; in such situations, the need for an extension is usually occasioned by something within the control of the movant. The good cause standard applies in situations in which there is no fault–excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant.

FRAP 4, Advisory Committee Notes, 2002 Amendments.

It appears from plaintiff's counsel's motion to withdraw that plaintiff and his counsel may have had a disagreement concerning the filing of a motion to reconsider. Plaintiff sought to file a pro se motion to reconsider within the time to file a notice of appeal, albeit two days too late for a Rule 59 motion that would have had the effect of extending the time in which to appeal. See FRCP 59(e); FRAP 4(a)(4). The court struck the notice of a motion to reconsider because plaintiff was represented by counsel. Approximately two weeks after counsel's motion to withdraw was granted, plaintiff filed notices of both a motion to reconsider and of a motion to extend the time to appeal. Under these circumstances, the court believes plaintiff is not to be faulted for the need for an extension of time to file a notice of appeal. He could not take action on his own to file a timely motion to reconsider or notice of appeal, as this court showed when it struck his notice of a motion to reconsider because he was represented by counsel. By the time he could act on his own, it was past the time for filing a notice of appeal or for filing a Rule 59 motion.

As to counsel's failure to file a timely motion to reconsider or notice of appeal prior to withdrawing, it appears they did not believe they could file a motion to reconsider satisfactory to plaintiff due to "professional considerations." See US Dist Ct., N D Ill, LR 83.51.16. Accordingly, counsel's failure to timely file a notice of appeal was due to excusable neglect. Moreover, defendants are not prejudiced by the late filing of the notice of appeal. Therefore, the result would be the same if counsel's conduct rather than plaintiff's were considered.